ORA LEE WEST, WILLIAM STANLEY WEST, A MINOR, BY ORA LEE WEST HIS NEXT FRIEND, AND ORA LEE WEST, AND J. G. CRANFORD, AS SOLE SURVIVING EXECUTORS OF THE LAST WILL AND TESTAMENT OF W. S. WEST, DECEASED, *Appellants*, v. J. D. WALLING, L. B. WALLING AND J. R. WALLING, COPARTNERS DOING BUSINESS AS J. D. WALLING & COMPANY, AND FLORIDA NATIONAL LAND COMPANY, A CORPORATION, *Appellees*.

Opinion filed May 29, 1919.

Petition for Rehearing denied July 1, 1919.

Where land is conveyed for purposes of resale in small parcels, and the timber is reserved for milling purposes "during the life of the milling plant now being operated by the" vendor, "but in any event for a period not exceeding twenty-five years," the mere discontinuance of operation and the removal of the stated "milling plant," does not *ipso facto* terminate the timber reservation, when a minor portion only of the twenty-five years limitation has elapsed.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Decree reversed.

*Whitaker, Himes & Whitaker,* for Appellants;

*H. M. Hampton* and *T. S. Trantham,* for Appellees

WHITFIELD, J.—Lands were conveyed with the following express provision: "Excepting and reserving, however, unto the party of the first part, its successors and assigns, the timber on said lands, and the right of entry thereon, for the purpose of felling, cutting and removing the timber therefrom and a right of way over said lands for the purpose of constructing, maintaining and operating tram roads, and spur tracks thereon, during the life of the milling plant now being operated by the party of the first part at Levon, Florida, but in any event for a period not exceeding twenty-five (25) years from December 30, 1909."

Subsequent claimants of the timber in due course unsuccessfully sought to enjoin the cutting of the timber by those claiming under the purchasers of the land with the timber reservation, the defense being that the reservation of the timber expired when the milling plant referred to in above conveyance ceased operations. A construction of the reservation determines the question presented.

The reservation of the timber and the right to remove it "during the life of the milling plant now being operated by the party of the first part at Levon, Florida, but in any event for a period not exceeding twenty-five years, from December 30, 1909," should be construed with ref-

erence to the limitation that has the elements of certainty and definiteness for purposes of ascertainment and fixedness when that limitation conforms with the purposese and intent of the parties. The expression during the life of a particular existing milling plant is wanting in the elements of certainty and definiteness as a limitation upon the continuance of a reservation of growing timber; and as another limitation is given, viz, "but in any event for a period not exceeding twenty-five years from December, 30, 1909," that provision should control if it is consistent with the purpose and intent of the parties in making the reservation of the growing timber.

The land was conveyed for purposes of resale in small parcels to parties most of whom lived in other States, and the timber was reserved for milling purposes.

The reference in the reservation to the milling plant indicates that the intent of the parties and the main purpose of the reservation of the growing timber were to utilize the timber in making lumber therefrom, and to give the long time that would be required for that purpose, the mention of the life of the milling plant being an indication that the use of the timber should be continued in good faith. While it appears that the milling plant specifically referred to has been discontined, it does not appear that the complainants do not intend to utilize the timber as contemplated by the parties to the reservation or that the complainants have unreasonably delayed the removel of the timber so as to prejudice the rights of the purchaser of the lands for the purposes of sale in small parcels mainly to non-residents as was contemplated when the reservation of the timber was made.

Equity will not undertake to make a new contract for the parties, but it should not decline to protect a property right that does not clearliy appear to have been forfeited.    The sufficiency of the bill of complaint was not tested by demurrer, and it does not appear to wholly fail to state a case for equitable relief·    The complainant asking equitable relief may, if the circumstances warrant it, be required to do such equity as is consistent with the rights of the parties under the law.

Decree reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent.